**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

======================================

ELIAHU GOLDSCHMID individually and
on behalf of all others similarly situated


                    Plaintiff,


        -against-


CREDIT BUREAU OF NAPA COUNTY, INC.
D/B/A CHASE RECEIVABLES


                    Defendant.


======================================

### CLASS ACTION COMPLAINT

### *Introduction*

1)      Plaintiff Eliahu Goldschmid files this Complaint seeking redress for the illegal practices of Credit Bureau Of Napa County, Inc. d/b/a Chase Receivables, in connection with the collection of a debt allegedly owed by the consumer in violation of the Fair Debt Collection Practices Act, ("FDCPA"), 15 U.S.C. § 1692, et seq. ("FDCPA").

2)      Plaintiff is a citizen of the State of New York who resides within this District.

3)      Plaintiff is a consumer as that term is defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

-1-

4)     The alleged debt that Defendant sought to collect from the Plaintiff involves a consumer debt.

5)     Upon information and belief, Defendant's principal place of business is located within Sonoma, California.

6)     Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

7)     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### Jurisdiction and Venue

8)     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9)     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

### Allegations Particular to Eliahu Goldschmid

10)     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

11)     On or about January 31, 2015, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

12)     Said letter states in pertinent part as follows: "Pay via a Credit Card ($14.95 Chase Receivables processing fee where applicable.)"

13)     The notification and collection of the processing fee is unlawful.[1]

14)     Defendant's processing fee demand is in violation of 15 U.S.C. §§ 1692f(1) for engaging in deceptive practices, by making a false representation that it was entitled to receive compensation for payment by credit card, or by collecting an amount that was not authorized by contract or permitted by law.

15)     Plaintiff seeks to end these violations of the FDCPA. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

## CLASS ALLEGATIONS

16)     This action is brought as a class action. Plaintiff brings this action individually, and on behalf of all other persons similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

17)     The identities of all class members are readily ascertainable from the records of Credit Bureau Of Napa County, Inc. d/b/a Chase Receivables and those business and governmental entities on whose behalf it attempts to collect debts.

18)     Excluded from the Plaintiff's Class is the Defendant and all officers, members, partners, managers, directors, and employees of Credit Bureau Of Napa County, Inc. d/b/a Chase Receivables, and all of their respective immediate families,

---

[1] See e. g. Campbell v. MBI Assocs., Inc., 2015 U.S. Dist. LEXIS 44811 (E.D.N.Y. Mar. 31, 2015); Acosta v. Credit Bureau, 2015 U.S. Dist. LEXIS 55870 (N.D. Ill. Apr. 29, 2015); Shami v. National Enter. Sys., 2010 WL 3824151 (E.D.N.Y. Sept.23, 2010). (The court concluded that the complaint sufficiently pleaded a cause of action for violation of §§ 1692f(1) and 1692e(2).The complaint involved a collection letter including the language ''You can now pay by automated phone system . . . or on the internet. Transaction fees will be charged if you use the automated phone system or the internet to make payment on this account. You are not required to use the automated phone system or the internet to make payment on this account.''); McCutcheon v. Finkelstein, Kern, Steinberg & Cunningham, 2012 WL 266893 (M.D. Tenn. Jan.30, 2012). (The plaintiff stated a viable FDCPA claim by alleging that the defendant, collected or attempted to collect a $4.24 payment processing fee not expressly authorized by the agreement creating the debt.); Quinteros v. MBI Assocs., 2014 U.S. Dist. LEXIS 27735 (E.D.N.Y. Feb. 27, 2014). (FDCPA violated by Collector's Fee to process payments by credit card, or checks over phone.)

and legal counsel for all parties to this action and all members of their immediate families.

19)   There are questions of law and fact common to the Plaintiff's Class, which common issues predominate over any issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

20)   The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories.

21)   The Plaintiff will fairly and adequately protect the interests of the Plaintiff's Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause him not to vigorously pursue this action.

22)   This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

(a) **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff's Class defined above is so numerous that joinder of all members would be impractical.

(b) **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff's Class and those questions

predominate over any questions or issues involving only individual class members. The principal issues are whether the Defendant's communications with the Plaintiff, such as the above stated claims, violate provisions of the Fair Debt Collection Practices Act.

(c) **Typicality:** The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendant's common uniform course of conduct complained of herein.

(d) **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

(e) **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual

actions would engender. Certification of a class under Rule 23(b)(l)(A) of the Federal Rules of Civil Procedure is appropriate because adjudications with respect to individual members create a risk of inconsistent or varying adjudications which could establish incompatible standards of conduct for Defendant who, on information and belief, collects debts throughout the United States of America.

23)     Certification of a class under Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate in that a determination that Defendant's communications with the Plaintiff, such as the above stated claims is tantamount to declaratory relief and any monetary relief under the FDCPA would be merely incidental to that determination.

24)     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

25)     Further, Defendant has acted, or failed to act, on grounds generally applicable to the Rule (b)(l)(A) and (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

26)     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R.Civ. P. 23(c)(4).

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

27)     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) twenty six (26) as if set forth fully in this cause of action.

28)     This cause of action is brought on behalf of Plaintiff and the members of a class.

29)     The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter (a) bearing the Defendant's letterhead in substantially the same form as the letter sent to the Plaintiff on or about January 31, 2015, sent within one year prior to the date of the within complaint (b) the collection letter was sent to a consumer seeking payment of a consumer debt; and (c) the collection letter was not returned by the postal service as undelivered (d) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692f(1) and 1692e(2) for making a false representation that it was entitled to receive compensation for payment by credit card.

### *Violations of the Fair Debt Collection Practices Act*

30)     The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

31)     The Defendant's violations of the Fair Debt Collection Practices Act, entitles the Plaintiff and the members of the class to damages in accordance with the Fair Debt Collection Practices Act.

32)    As a direct and proximate result of these violations of the above FDCPA violations, Plaintiff and class members have suffered harm and are entitled to preliminary and permanent injunctive relief, and to recover actual and statutory damages, costs and attorney's fees.

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in Plaintiff's favor and against the Defendant and award damages as follows:

a) Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k); and

b) Attorney fees, litigation expenses and costs incurred in bringing this action; and

c) An order enjoining and directing Defendant to comply with the FDCPA in its debt collection activities, including without limitation:

Directing Defendant to cease engaging in debt collection practices that violate the FDCPA; and

Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Brooklyn, New York
       September 1, 2015

/s/ David Palace
**Law Offices of David Palace** (DP 3855)
383 Kingston Ave. #113
Brooklyn, New York 11213
Telephone: 347-651-1077
Facsimile: 347-464-0012

Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.

/s/ David Palace_____
David Palace esq. (DP 3855)

DEPT 1011      1491295015012
PO BOX 4115
CONCORD CA  94524

**CHASE RECEIVABLES**
**A Professional Collection Agency**

**800-622-0484**

**January 31, 2015**

RETURN SERVICE REQUESTED

ELIAHU GOLDSCHMID
315 NEW YORK AVE FL BSM
BROOKLYN NY 11213-4247

Send payments/correspondence To:
Chase#                MY VT
Chase Receivables
1247 Broadway
Sonoma, CA 95476

IMPORTANT: TO RECEIVE PROPER CREDIT BE SURE TO ENCLOSE THIS PORTION WITH YOUR PAYMENT

*Office Handling Your Account:*
*Office Hours:*
PLEASE CALL BETWEEN
Monday-Friday 6:00am to 6:30pm PST
Saturday 7am to 2:30pm PST

CREDITOR: VERIZON
CREDITOR ACCT#:            3221
ACCT#:       495
AMOUNT DUE: $337.82

Dear ELIAHU GOLDSCHMID

This letter is to inform you of a special offer to resolve your overdue account with our client.  We apologize that a possible hardship or pitfall may have prevented you from satisfying your obligation.  It is with this in mind that we would like to offer you a limited time offer opportunity to satisfy your outstanding debt.  We are presenting four options that will enable you to avoid further collection activity being taken against you.

Please note that you may have additional outstanding accounts that do not qualify for this offer.

OPTION 1:  A settlement of **40% OFF** of your current balance, **SO YOU ONLY PAY $202.69** in **ONE PAYMENT** that must be received in this office on or before **February 15, 2015**.
OPTION 2:  A settlement of **20% OFF** of your current balance, **SO YOU ONLY PAY $270.25** in **ONE PAYMENT** that must be received in this office on or before **February 28, 2015**.
OPTION 3:  A settlement of **30% OFF** of your current balance, **SO YOU ONLY MAKE TWO PAYMENTS OF $118.23 EACH** the first payment must be received on or before **February 15, 2015** and the second by **March 15, 2015.**
OPTION 4:  Monthly payment plan on full balance.

If you are interested in taking advantage of one of these terrific opportunities or if you have any questions, you MUST contact our office as soon as possible at 800-622-0484 (toll free).  When you call, please let your representative know that you have received the CHASE Receivables Option Letter and tell us whether you would like to take advantage of the SETTLEMENT OPTION or the PAYMENT Option.

If we do not hear from you, we are forced to assume that you do not intend to resolve your obligation on a voluntary basis *and we will recommend that our client proceed with further collection activity.*

Sincerely,

Chase Receivables

**You have 6 easy payment options (where applicable):**
1. Send us a check-Make all checks payable to VERIZON and send to the payment address above.
2. Pay via a Credit Card. ($14.95 Chase Receivables processing fee where applicable)
3. Pay via Western Union.
4. Pay via the web www.chaserec.com/paymethod.php PIN# 52286. *
5. Call us at the number shown above and one of our representatives will be happy to assist you!
6. Electronic Check Payments can be done over the phone ($9.95 Chase Receivables processing fee where applicable)
* Selecting this option enables you to make a payment 24 hours a day, 7 days a week - and you do not need to speak to a representative.

THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE. THIS COMMUNICATION IS FROM A COLLECTION AGENCY.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

CHR116st-0129-560098177-00421-421